FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------- 09 MAY 18  M H 25 ---- X

ROBERT NICHOLAS,

Plaintiff,

**COMPLAINT**

-against-

THE CITY OF NEW YORK; COMMISSIONER
RAYMOND W. KELLY; COMMISSIONER MARTIN F.
HORN; LT. EDWARD HERNANDEZ; P.O. LINDA
ARAQUE, Shield # 3788; DET. ARTY LNU;
SGT. DWIGHT SMITH; DET. CHARLES LENNON,
Shield # 5993; WARDEN JOHN DOE #1;
SUPERVISOR C.O. JOHN DOE # 1, and C.O.
JOHN DOES # 1-5, the individual
defendants sued individually and in
their official capacities,

Defendants.

**09**ase **2111**

Jury Trial Demanded

IRIZARRY, J.

MANN, M.J.

-------------------------------------- X

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff

seeks relief for the violation of plaintiff's rights secured by

42 U.S.C. §§ 1983, and 1985(3); the First, Fourth, Fifth, Sixth,

and Fourteenth Amendments to the United States Constitution; and

laws of the State of New York.  The claims arise from an

incident(s), which occurred on or about December 16, 2006

through on or about March 24, 2008. During the incident the City

of New York, members of the New York City Police Department

("NYPD") and New York City Department of Correction ("DOC")

subjected plaintiff to, among other things, false arrest,

excessive force, unlawful search and seizure, unlawful strip

search, malicious prosecution, unconstitutional conditions of
confinement, negligent hiring and retention of incompetent and
unfit employees, negligent supervision, training and instruction
of employees, and implementation and continuation of an unlawful
municipal policy, practice, and custom.  Plaintiff seeks
compensatory and punitive damages, declaratory relief, an award
of costs and attorney's fees, and such other and further relief
as the Court deems just and proper.

## JURISDICTION & VENUE

2.   This action is brought pursuant to 42 U.S.C. §§
1983 and 1985(3); and the First, Fourth, Fifth, Sixth, and
Fourteenth Amendments to the United States Constitution.
Jurisdiction is conferred upon this Court by the aforesaid
statutes and 28 U.S.C. §§ 1331 and 1343.

3.   Plaintiff invokes the supplemental jurisdiction
of this Court pursuant to 28 U.S.C. § 1367 to hear and decide
claims arising under state law (malicious prosecution, gross
negligence, negligent hiring and retention of incompetent and
unfit employees, negligent supervision, training and instruction
of employees claims).  A notice of claim was duly filed on the
City of New York within 90 days of the incident at issue, more
than 30 days have elapsed since such filing and the City has
refused to settle plaintiff's claims.  Moreover, this action has

2

been filed within one year and 90 days of the incidents that are the basis of this claim.

4.    Venue is proper here pursuant to 28 U.S.C. § 1391 because the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5.    Plaintiff Robert Nicholas is a resident of the State of New York, Kings County.

6.    Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7.    Defendant Commissioner Raymond W. Kelly is the Commissioner of the NYPD who violated plaintiff's rights as described herein.

8.    Defendant Martin F. Horn is the Commissioner of the DOC who violated plaintiff's rights as described herein.

9.    Defendant Edward Hernandez is a New York City Police Lieutenant, employed with the NAR BBN, 547 Command, GEU Command, and/or 77th Precinct located in Brooklyn, New York who violated plaintiff's rights as described herein.

10.    Defendant Linda Araque is a New York City Police Officer, assigned Shield # 3788, employed with the NAR BBN, 547

3

Command, GEU Command, and/or 77th Precinct located in Brooklyn, New York who violated plaintiff's rights as described herein.

11.   Defendant Arty LNU is a New York City Police Detective, employed with the NAR BBN, 547 Command, GEU Command, and/or 77th Precinct located in Brooklyn, New York who violated plaintiff's rights as described herein.

12.   Defendant Dwight Smith is a New York City Police Sergeant, employed with the NAR BBN, 547 Command, GEU Command, and/or 77th Precinct located in Brooklyn, New York who violated plaintiff's rights as described herein.

13.   Defendant Charles Lennon is a New York City Police Detective, assigned Shield # 5993, employed with the NAR BBN, 547 Command, GEU Command, and/or 77th Precinct located in Brooklyn, New York who violated plaintiff's rights as described herein.

14.   Warden John Doe # 1 is a New York City Correction Warden employed at the Rikers Island Detention Facility, O.B.C.C., located in East Elmhurst, New York who violated plaintiff's rights as described herein.

15.   Supervisor Correction Officer John Doe # 1 is a New York City Correction Supervisor employed at the Rikers Island Detention Facility, O.B.C.C., located in East Elmhurst, New York who violated plaintiff's rights as described herein.

4

16.   Correction Officer John Does # 1-5 are New York City Correction Officers employed at the Rikers Island Detention Facility, O.B.C.C., located in East Elmhurst, New York who violated plaintiff's rights as described herein.

17.   The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

18.   The following is a summary set for the purpose of demonstrating and providing notice of plaintiff's claims against the defendants.  Plaintiff has not set forth each and every fact concerning the incident(s) described below.

19.   On or about December 16, 2006 at approximately 3:20 p.m. at 634 Classon Avenue, Apt. # 4A, Brooklyn, New York, several police officers from the NAR BBN, 547 Command, GEU Command, and/or 77th Precinct located in Brooklyn, New York, including, upon information and belief, defendants Lt. Hernandez, P.O. Araque, and Det. Arty LNU, at times acting in concert and at times acting independently committed the following illegal acts against the plaintiff.

20.   On December 16, 2006 at approximately 3:20 p.m. at 634 Classon Avenue, Apt. # 4A, Brooklyn, New York, several police officers from the NAR BBN, 547 Command, GEU Command, and/or 77th Precinct located in Brooklyn, New York, including, defendants Lt. Hernandez, P.O. Araque, and Det. Arty LNU,

5

without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime, unlawfully entered 634 Classon Avenue, Apt. # 4A, Brooklyn, New York.

21. Once defendants entered the apartment, he was not free to disregard the defendants' questions, walk way or leave the scene.

22. During the arrest of plaintiff, the defendant police officers, including defendants Lt. Hernandez, P.O. Araque, and Det. Arty LNU, intentionally, maliciously, gratuitously, and unnecessarily drew a firearm at plaintiff, grabbed and shoved plaintiff, struck plaintiff, twisted plaintiff's arms, and placed excessively tight handcuffs on plaintiff's wrists without an objectively reasonable basis to do so. Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

23. Thereafter, the defendant police officers, including defendants Lt. Hernandez, P.O. Araque, and Det. Arty LNU, transported plaintiff to the 77th Precinct, where he was assigned Arrest # K06702567, and strip-searched in public without reasonable suspicion or probable cause by said defendants, before being transferred to Brooklyn Central Booking. Plaintiff was forced to squat and expose his private

6

areas while strip-searched.  Defendants recovered no contraband, weapons, means of escape, or controlled substances as a result of the search.

24.  While at the 77th Precinct, defendants Lt. Hernandez, P.O. Araque, and Det. Arty LNU subjected plaintiff to excessive force by grabbing, yanking, and choking plaintiff while he was handcuffed.  Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

25.  While plaintiff was held at Brooklyn Central Booking, he was subjected to depraved, filthy, and inhumane conditions of confinement, including overcrowding.

26.  The guards and personnel assigned to Central Booking looked the other way at these dangerous conditions, and ignored arrestees who sought their assistance.

27.  While plaintiff was held at Brooklyn Central Booking, plaintiff was strip-searched again in public without reasonable suspicion or probable cause.  Defendants recovered no contraband, weapons, means of escape, or controlled substances as a result of the search.

28.  Plaintiff was subjected to the NYPD's unlawful policy of strip-searching in public regardless of reasonable suspicion or probable cause by defendants.

is well established that, even where there is justification for a strip search the search must be conducted in a reasonable manner. A strip search is unreasonable if it is carried out in a non-private manner and in the presence of nonessential people, such as other detainees.

30. While plaintiff was incarcerated at the 77th Precinct and Central Booking awaiting arraignment, the defendant police officers, including Lt. Hernandez, P.O. Araque, Det. Arty LNU, Sgt. Smith, and Det. Lennon, pursuant to a conspiracy, intentionally, falsely and maliciously told the Kings County District Attorney's Office that plaintiff had committed a crime; and based on the these false allegations the Kings County District Attorney's Office initiated a prosecution against plaintiff under Docket # 2006KN087113, and Indictment # 11118/2006.

31. To cover up their misconduct, defendants Lt. Hernandez, P.O. Araque, Det. Arty LNU, Sgt. Smith, and Det. Lennon, intentionally, knowingly and purposely provided false statements and information to cause plaintiff to be prosecuted.

8

32.   Defendants Lt. Hernandez, P.O. Araque, Det. Arty LNU, Sgt. Smith, and Det. Lennon, initiated the above-stated malicious prosecution against plaintiff.

33.   Defendants Lt. Hernandez, P.O. Araque, Det. Arty LNU, Sgt. Smith, and Det. Lennon lacked probable cause to believe the above-stated malicious prosecution could succeed.

34.   Defendants Lt. Hernandez, P.O. Araque, Det. Arty LNU, Sgt. Smith, and Det. Lennon, acted with malice to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution.

35.   The above-stated malicious prosecution caused a sufficient post-arraignment liberty restraint on plaintiff.

36.   On or about March 24, 2008, the above-stated malicious prosecution, initiated by the defendants Lt. Hernandez, P.O. Araque, Det. Arty LNU, Sgt. Smith, and Det. Lennon, terminated in plaintiff's favor when it was dismissed in its entirety.

37.   After plaintiff's arraignment, plaintiff was taken to and confined in O.B.C.C. until his release.

38.   While at Riker's Island, plaintiff was subjected to DOC's unlawful policy of strip-searching in public regardless of reasonable suspicion or probable cause by defendants Warden John Doe # 1, Supervisor Correction Officer John Doe # 1, and Correction Officer John Does # 1-5.  Plaintiff was forced to

squat and expose his private areas in front of numerous non-essential DOC employees and detainees.

39.   Defendants recovered no contraband, weapons, means of escape, or controlled substances as a result of the search.

40.   The fact that the above-described strip search of plaintiff was carried out in a non-private manner is sufficient in and of itself to violate the Constitution.   It is well established that, even where there is justification for a strip search the search must be conducted in a reasonable manner.   A strip search is unreasonable if it is carried out in a non-private manner and in the presence of nonessential people, such as other detainees.

41.   Defendants Lt. Hernandez and Sgt. Smith supervised subordinate defendants P.O. Araque, Det. Arty LNU, Det. Lennon in the above-detailed unlawful conduct, including approving plaintiff's arrest.

42.   The aforesaid events are not an isolated incident.   Defendant City of New York, Commissioner Raymond W. Kelly, and Commissioner Martin F. Horn were aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's and DOC's officers are insufficiently trained on the proper way to use force, investigate an incident, strip search, and how to

treat innocent and/or uninvolved individuals who are found at an incident location.

43. Defendants City of New York, Commissioner Raymond W. Kelly, and Commissioner Martin F. Horn, are further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, City of New York, Commissioner Raymond W. Kelly, and Commissioner Martin F. Horn have failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

44. Moreover, defendants City of New York, Commissioner Raymond W. Kelly, and Commissioner Martin F. Horn were aware prior to the incident that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as officers. Despite such notice, City of New York, Commissioner Raymond W. Kelly, and Commissioner Martin F. Horn have retained these officers, and failed to adequately train and supervise them.

45. The individual defendants acted in concert in committing the above-described illegal acts toward plaintiff.

46. Plaintiff did not resist arrest at any time during the above incidents.

47. Plaintiff did not engage in suspicious, unlawful or criminal activity prior to or during the above incidents.

11

48.   The individual defendants did not observe plaintiff engaged in suspicious, unlawful, or criminal conduct at any time prior to or during the above incidents.

49.   At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had engaged in suspicious, unlawful or criminal conduct.

50.   As a result of defendants' actions plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

### FEDERAL AND STATE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

51.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

52.   The conduct of defendant officers, as described herein, amounted to false arrest, excessive force, unlawful search and seizure, unlawful strip search, malicious prosecution, unconstitutional conditions of confinement, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of

12

employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

53.   The conduct of the defendant officers, as described herein, violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3); the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York by committing false arrest, excessive force, unlawful search and seizure, unlawful strip search, malicious prosecution, unconstitutional conditions of confinement, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

54.   Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.   Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of plaintiff's rights secured by 42 U.S.C. §§ 1983 and 1985(3); the First Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York.

55. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

56. The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

### FEDERAL CLAIMS AGAINST DEFENDANTS KELLY AND HORN

57. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

58. Defendants Raymond W. Kelly and Martin F. Horn are liable, in their official capacity, to plaintiff because: (1) they created and allowed to continue a policy or custom under which unconstitutional practices occurred, (2) they were grossly negligent in supervising subordinates who committed the wrongful acts, and (3) they exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

59. Upon information and belief, defendants Kelly and Horn were aware from notices of claim, lawsuits, complaints, and the NYPD's and DOC's own observations that the officers sued in the present case were unfit to be officers, and that it was

14

highly likely that they would commit the acts alleged in the present case.

60.   Nevertheless, defendants Kelly and Horn exercised deliberate indifference by failing to take remedial action.

61.   The aforesaid conduct by defendants Kelly and Horn violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3); the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York, by failing to re-train the defendant subordinate officers, failing to adequately discipline the defendant subordinate officers, failing to adequately investigate prior complaints against the defendant subordinate officers either at the facilities where the incidents occurred, or at their Headquarters located in New York, New York, and creating a culture where officers are encouraged to harass, assault and violate those who question their authority, and acting in manner which amounted to negligent hiring, training, monitoring and retention of incompetent employees.

62.   As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

15

63.   The aforesaid conduct of defendants Kelly and Horn amounted to negligent hiring, training, monitoring and retention of incompetent employees.

### FEDERAL AND STATE CLAIMS AGAINST THE CITY OF NEW YORK

64.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

65.   The City of New York directly caused the constitutional violations suffered by plaintiff.

66.   Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints, and from NYPD's own observations, that the officers involved in the present case were unfit to be officers, and that it was highly likely that they would commit the acts alleged in the present case.

67.   Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City of New York failed to properly train, retrain, supervise, discipline, monitor, and improperly utilized and retained these officers.   Moreover, the City of New York failed to adequately investigate prior complaints against the officers and created a culture where officers can harass, and violate individuals without consequence.  Indeed, when individuals file complaints against officers, the City has a practice of failing to

16

substantiate or address the complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the officer is unworthy of belief.

68.   The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3); the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York.

69.   Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees.

70.   Finally, under state law, the City of New York is responsible for its employees' actions under the doctrine of respondeat superior.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.   Compensatory damages in an amount to be determined by a jury;

b.   Punitive damages in an amount to be determined by a jury;

c.   Costs, interest and attorney's fees; and

d.   Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   New York, New York
         May 12, 2009

                              MICHAEL HUESTON, ESQ.
                              *Attorney for Plaintiff*
                              350 Fifth Avenue, Suite 4810
                              New York, New York 10118
                              (212) 643-2900
                              mhueston@nyc.rr.com
                              By:

                              MICHAEL O. HUESTON

18